15775

TEXTILE HALL CORPORATION v. RIDDLE *ET AL.*

(35 S. E. (2d), 701)

*Mr. W. G. Sirrine,* of Greenville, Counsel for Appellant,

*Messrs. John M. Daniel,* Attorney General, and *T. C. Callison,* Assistant Attorney General, both of Columbia, *Benjamin A. Bolt,* of Greenville, and *A. C. Mann,* of Greenville, Counsel for Respondents,

October 27, 1945.

MR. ASSOCIATE JUSTICE TAYLOR delivered the majority Opinion of the Court.

This case comes by way of appeal from the Court of Common Pleas from Greenville County where an action was begun December 7, 1944, for an order requiring W. H. Riddle, as County Auditor to withdraw an assessment for 1944, delete plaintiff's name from the tax duplicate, and to enjoin him from alleged violations of the Act of General Assembly, approved May 27, 1936, XXXIX Statutes, 1666; Subdivision 54, Section 2578, Code 1942; for judgment against Riddle for actual damages, plaintiff's cost in the sum of $100-.00 and attorney's fees.

The Act declares plaintiff "an eleemosynary society," rebates all taxes and exempts from future taxation. A. W. Hill, as County Treasurer, and B. F. Dillard, as City Treasurer, were made parties defendant, because holding themselves bound to collect taxes according to the tax duplicate. It is alleged that unless restrained they will levy taxes, and plaintiff's property be advertised for sale, causing irreparable injury.

Under a rule to show cause all defendants interposed demurrers, and also served answers, questioning the constitutionality of the Act, and plaintiff's right to equitable relief. The Auditor also alleged that he acted under orders of the Comptroller General. Plaintiff moved to strike out all the pleadings as frivolous, under Section 587 of the Code. Plaintiff also demurred to the answers.

In an order, January 27, 1945, the Circuit Judge held that as to the answers "the issues raised by the contents thereof are unnecessary for a disposition of this matter." That it was only necessary to rule upon plaintiff's motion to strike the demurrers, and its right to equitable relief. The Judge did not pass upon the demurrers to the answer. The motions to strike were denied.

The Court held that the demurrers of the defendants raise the question of lack of facts sufficient to constitute a cause of action, because the action is to stay the collection of taxes by injunction, when plaintiff has an adequate remedy at law, under Chapter 109, Article 3 of the Code (Sections 2807, 2808 and 2809).

Expressly declining to pass upon the constitutionality of the Act of 1936, on the ground that it was unnecessary, the order is as follows:

"The plaintiff herein, Textile Hall Corporation, a corporation under the laws of South Carolina, institutes this ac-

tion on the equity side of the Court, wherein it alleges that it is entitled to an order by this Court requiring the County Auditor to delete the plaintiff's name from the tax duplicate, and enjoining him from any future procedure of this nature. The plaintiff further alleges, that said order should also require the County Treasurer and the City Clerk and Treasurer to strike plaintiff's name from their tax books and refrain from attempting to collect taxes from plaintiff now and in the future.

"The plaintiff's basis for asking such relief is that the General Assembly, on the 27th of May, 1936, passed an act entitled 'An Act Declaring Textile Hall Corporation in the County of Greenville, State of South Carolina, an Eleemosynary Society; to Rebate all Taxes Assessed Against the Same and to Exempt the Same from Future Taxation.' This Act was approved May 27, 1936, XXXIX Statutes, 1666, and adopted as a part of the Code of Laws of 1942, as Subdivision (54) of Section 2578, as follows: 'Textile Hall Corporation, in the City of Greenville, County of Greenville, State of South Carolina, is hereby declared to be an eleemosynary society and not used for the purposes of profit and all taxes heretofore assessed against said society or institution and which have not been paid are hereby rebated, and the said Textile Hall Corporation is hereafter exempt from taxes by the State, County or Municipality.'

"In due time the defendants interposed demurrers to plaintiff's complaint, whereby they question the constitutionality of the above Act of the Legislature, and also plaintiff's right to equitable relief when plaintiff has a complete and adequate remedy of law and no other, under Chapter 109, Article 3, of the Code of Laws, State of South Carolina, 1942. The defendants also made their return and answer to plaintiff's complaint, but the issues raised by the contents thereof are unnecessary for a disposition of this matter. Thereafter, the

plaintiff interposed a demurrer to defendants' returns and answers, and also served notice of a motion to strike (under Section 587 of the Code) defendants' demurrers and answers, upon the ground that same are frivolous.

"Under my view of the matter, it will only be necessary for this Court in disposing of the matter to pass upon plaintiff's motion to strike defendants' demurrers as frivolous and that part of defendants' demurrers which question plaintiff's right to equitable relief, when it has a complete and adequate remedy at law.

"As to plaintiff's motion to strike as frivolous the defendants' demurrers (the third and fourth grounds are the only pertinent ones as I view the matter, as set forth in plaintiff's motion) :

" 'Third. This is not an attempt to stay the collection of taxes, but the assessment thereof, and Chapter 109, Article 3, of the Code of Laws, 1942, does not apply.'

" 'Fourth: If it were an action to stay the collection of taxes, it would not be contrary to the above Article (Section 2807, *et seq.*) of the Code of 1942 under the decisions of the Supreme Court, because plaintiff has no other adequate legal remedy.'

"I cannot agree with plaintiff that the defendants' demurrers are subject to such motion, under Section 587 of the Code. My reasons for this view will be seen from the disposition made of defendants' demurrers to plaintiff's complaint. Wherefore, plaintiff's motion to strike the defendants' demurrers as frivolous is, and the same is hereby, overruled. It is so ordered. The more serious question herein is presented by the defendants' demurrers to plaintiff's complaint on the ground that the complaint fails to state facts sufficient to constitute a cause of action against the defendants, in that it appears upon the face of the complaint that

there is an action to stay the collection of taxes by injunction or order, and that the plaintiff has a complete and adequate remedy at law and no other, under Chapter 109, Article 3, of the Code of Laws, State of South Carolina, 1942.

"The relevant portions of these sections provide:

"Section 2807. 'The collection of taxes shall not be stayed or prevented by an injunction, writ, or order issued by any court, or judge, thereon; provided, that this section shall only apply to state, county, city, town and school taxes: * * *.'

"Section 2808. 'In all cases in which any county, state or other taxes are now or shall be hereafter charged upon the books of any county treasurer of the State against any person, and such treasurer shall claim the payment of the taxes so charged, or against whom such step or proceeding shall be taken * * * shall, if he conceives the same to be unjust or illegal for any cause, pay the said taxes notwithstanding, under protest * * * and upon such payment being made * * *; and the person so paying said taxes may at any time within thirty days after making such payment, but not afterwards, bring an action against the said county treasurer for the recovery thereof in the court of common pleas for the county in which such taxes were payable, and if it be determined in said action that such taxes were payable, and if it be determined in said action that such taxes were wrongfully or illegally collected, for any reason going to the merits, then the court before whom the case is tried shall certify of record that the same were wrongfully collected and ought to be refunded * * *. Provided, further, that the remedies and rights herein given for the payment under protest and the right of recovery shall apply equally to incorporated municipalities, with respect to city taxes * * *.'

"Section 2809. 'There shall be no other remedy in any case of the illegal or wrongful collection of taxes or attempt

to collect taxes, * * * than herein provided. And no writ of mandamus shall be granted or issued from any court, or by the judge of any court, directing or compelling the reception for taxes of any funds * * * not authorized to be received for such taxes by the act of the General Assembly levying the same; and no writ, order, or process of any kind whatsoever, staying or preventing any officer of the State charged with the duty in the collection of taxes from taking any step or proceeding in the collection of any tax, whether such tax is legally due or not, shall in any cases be granted by any court, or the judge of any court; but in all cases whatsoever the person against whom any taxes shall stand charged upon the books of the county treasurer shall be required to pay the same * * * and thereupon shall have his remedy under the provisions of Section 2808.'

"In the light of the mandatory provisions of Section 2807, it appears that no court or judge thereof has the authority or power by way of injunction, writ or order, to stay the collection of taxes. This, however, is modified by equitable principles to the extent that there must be provided an adequate legal remedy for aggrieved taxpayers. Section 2808, in this Court's opinion, provides such an adequate legal remedy, by providing for payment under protest and the bringing of an action within thirty days for the recovery thereof.

"The Legislature has seen fit by statutory enactment (Section 2809) to declare this the sole remedy in any case of illegal or wrongful collection, or attempt to collect, taxes; to prohibit any court or judge thereof by process of any kind whatever from staying or preventing any officer charged with a duty in the collection of taxes whether such tax is legally due or not, to require payment of same, and provides redress under Section 2808.

"It appears from the authorities that if an adequate legal remedy is provided, then such acts of the Legislature are

binding upon a court of equity. As heretofore stated, it is this Court's opinion that an adequate legal remedy has been provided by the Legislature, and for this reason this Court has no authority as a court of equity to pass an order in compliance with plaintiff's prayer.

"Wherefore, it follows that defendants' demurrers should be, and they are hereby sustained.

"In disposing of this matter, this Court has purposely avoided the constitutional questions raised. The reason for this is that under this Court's view of the matter, as above set forth, it becomes unnecessary to pass upon the constitutionality of the Act of 1936.

"It is so ordered.

J. Robt. Martin, Jr.,

*Circuit Judge.*

"January 27th, 1945."

From this order the plaintiff now appeals to this Court upon execptions raising the following questions:

I. Was there error in refusing to strike defendants' demurrers as frivolous?

II. Has the plaintiff pursued the proper remedy?

III. Can the defendants in their capacity as officers question the constitutionality of Act of 1936, No. 910?

IV. Is the Act of 1936, No. 910 exempting the plaintiff from taxation constitutional?

This is an appeal from an order on the pleadings and will be so considered by this Court. Therefore, it is unnecessary to pass upon the constitutionality of the Act for the determination of the issues in this appeal.

Has the plaintiff pursued the proper remedy?

In the recent case of *Chesterfield County v. State Highway Department,* 191 S. C., 19, 3 S. E. (2d), 686, the Court reaffirmed the rule in these earlier cases, saying:

"It is true that a taxpayer may enjoin the collection of an illegal tax, provided he is afforded no adequate legal remedy against the exaction (*Ware Shoals Mfg. Co. v. Jones,* 78 S. C., 211, 58 S. E., 811; *Santee River Cypress Lumber Co. v. Query et al.,* 168 S. C., 112, 167 S. E., 22; *Federal Land Bank of Columbia v. State Highway Department,* 172 S. C., 174, 173 S. E., 284), but sections 2846, 2847, Code, 1932, provide a full, adequate and complete legal remedy by payment under protest and a suit to recover the amount so paid, and Section 2427, Code 1932, provides an adequate, cumulative, and concurrent remedy through application to the Tax Commission, *Bank of Johnston et al. v. Prince, County Treas.,* 136 S. C., 439, 134 S. E., 387. These remedies having been provided, the provisions of Section 2845, Code, 1932, to the effect that the collection of taxes shall not be stayed or prevented by injunction, become fully operative and must be given effect. That the legal remedies thus provided are adequate and exclusive has been so frequently decided as to render the citation of authority superfluous."

In the case of the *Telegraph Company v. Town of Winnsboro,* 71 S. C., 231, we find the following:

"No order of injunction could be lawfully issued by any Court or Judge of this State to stay the collection of a license tax, even if it is plainly discriminatory, extortionate, unjust or illegal, but the tax should be paid and the taxpayer should resort to his statutory action to recover it."

The order refers to sections 2807, 2808 and 2809 of the 1942 Code for South Carolina whose pertinent parts are:

Section 2807 provides that the collection of taxes shall not be stayed or prevented by any injunction, writ, or order

issued by any Court or Judge thereof. Provided, that this Section shall apply only to State, County, City, Town or School taxes.

Section 2808 provides that if any person conceive that the tax against him is unjust or illegal for any cause he shall pay the tax under protest, and within thirty days thereafter bring an action to recover it.

Section 2809 provides that there shall be no other remedy than that provided by Section 2808.

The language of these three sections of our Code is clear and explicit.

In the case of *Chamblee v. Tribble,* 23 S. C., 70, the plaintiff brought this action for himself and other taxpayers against the Treasurer of Anderson County to restrain the threatened sale of their property for non-payment of taxes or assessments laid upon them to meet the subscriptions made by their townships to the Savannah Valley R. R. Company. Plaintiff undertook to show there was no tax. The Circuit Judge held that the assessment was a tax, and that under Section 269, now Section 2807, this Court is expressly forbidden from granting order, writ or process of any kind whatsoever staying or preventing the collection thereof whether such tax is legally due or not. The Court at page 76 in a very clear statement said:

"It should be remembered in this connection that the object of this section was not to deprive the taxpayer of all remedy in the event that the tax levied should prove to be illegal, nor to enforce the payment of an illegal tax, without remedy, as well as a legal one, but its purpose was simply to postpone the question of illegality to a subsequent proceeding, thereby relieving the tax gatherer from responsibility and preventing delay. It thus assumed, in the first instance, the legality of all taxes imposed by an act and forbade the

courts from inquiring into that question, upon proceeding by injunction to stay their collection. The act may seem harsh and imperious, and in some instances may be oppressive, but is it not vindicated by the necessities of government, and the importance of public interests, which concern all, and which rise higher than mere personal and private affairs? Be this as it may, however, the meaning of the act cannot be misunderstood. It inhibits the courts in 'no doubtful language from stopping the collection of taxes, whether legal or illegal, and therefore wherever and whenever a tax is collected, it is present to shield the tax gatherer."

It is strenuously argued that this is not an action to enjoin the collection of a tax, but rather is an action to enjoin an assessment. The facts are that the property has already been placed on the tax books, an assessment has already been made, and that an execution will be issued unless the taxes are paid. Section 2724, Code of 1942 for South Carolina, reads as follows:

"2724. Assessment a part of collection—construction of section of tax law—The assessment of property for taxation shall be deemed and held to be a step in the collection of taxes and the sections 2719, 2720, 2721, 2722 and 2723 shall be construed to mean as giving full and complete power to the county auditor, independent of any right conferred upon county boards of assessors or other officers, as to securing a full and complete return of property for taxation in all cases as expressed in said sections, whether fraudulently or otherwise improperly or incompletely made.

"The action of said auditor under said sections shall not be interfered with by any court of this State by mandamus, summary process or any other proceeding, but the taxpayer shall have the right, and no other, to pay his tax on such return under protest. This section shall only apply to state, county, municipal and school taxes."

In connection with the above contention, it will be observed that the decision in *Bank v. Cromer,* 35 S. C., 213, 14 S. E., 493, so strongly relied on by appellant, was prior to the passage of the act which is now incorporated as section 2724 of the Code of 1942.

The foregoing question is therefore resolved against the appellant.

In view of the above conclusions, it is unnecessary to pass upon the remaining questions.

This Court is of the opinion that all exceptions should be overruled and judgment below affirmed, and it is so ordered.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and OXNER concur. MR. CHIEF JUSTICE BAKER dissents.

MR. CHIEF JUSTICE BAKER (dissenting) : The appellant, Textile Hall Corporation, an eleemosynary corporation, owns a building and the land on which it is situate in the City of Greenville, South Carolina, which is used in the main for public purposes. By an Act approved May 27, 1936, (No. 910, Acts of 1936), the General Assembly directed the auditor of Greenville County to remove said property from the tax books of the said County, and the Clerk of the City of Greenville was likewise directed to remove said property from the tax books of the City of Greenville, for the purposes of taxation; and all acts or parts of acts inconsistent with that act were repealed.

Following the enactment of this Statute, this property of appellant was removed from the tax books and recognized to be exempt from County, municipal and school taxation; but in the early part of the year 1944, respondents, as tax officers, attempted to deal with the property as if it were subject to taxation. Upon the filing of the sworn petition herein, an order was issued out of the Court of Common Pleas for Greenville County requiring the respondents to show cause

why they should not be required to strike the name of appellant from the tax books of Greenville County and of the City of Greenville as regards its textile hall, known as No. 322 West Washington Street in the City of Greenville, South Carolina. In other words, the order required the respondents to show cause why it should not be adjudged that the appellant's property hereinbefore referred to is not subject to such taxation, and why an order should not be issued requiring and directing the respondents in their official capacities so to treat the property.

Demurrers and returns to the rule were filed by respondents. The demurrer of the respondents W. H. Riddle and A. W. Hill (presumably in their official capacities) reads as follows:

I

"That the complaint fails to state facts sufficient to constitute a cause of action against the defendants in that it appears upon the face of the complaint that this is an action to stay the collection of taxes by an injunction or order and that the plaintiff has a complete and adequate remedy at law and no other under Chapter 109, Article 3 of the Code of Laws, State of South Carolina, 1942.

II

"That the complaint fails to state facts sufficient to constitute a cause of action in that it fails to allege that the property described in the complaint is exempt by the Constitution, in that all property in the State is liable to be taxed except such as is specially exempt by the Constitution of the State, and therefore the complaint is fatally defective.

III

"That the Special Act No. 910, page 1666 of the 1936 Statutes of South Carolina, declaring the Textile Hall Cor-

poration an eleemosynary corporation is illegal and invalid, and does not relieve plaintiff from the assessment of its properties for tax purposes:

"(a) It is a special law where a general law could be made to apply. It is therefore violative of Subdivision IX of Section 34, Article 3 of the 1895 Constitution of South Carolina.

"(b) It is violative of Subdivision III of Section 34, Article 3 of the 1895 Constitution of South Carolina, in that it attempts to amend or extend the charter powers and rights of said corporation.

"(c) It attempts to grant special charter or corporate rights to plaintiff in conflict with these permitted and authorized under the general statutory law of the State authorizing the incorporation of eleemosynary corporations."

It is unnecessary that the demurrer of the respondent, B. F. Dillard, City Clerk and Treasurer of the City of Greenville, be set out.

Following the service of the demurrers and returns of the respondents, the appellant moved to strike the demurrers (and also the answers or returns) upon the ground that the same were frivolous, and relied upon the following specifications:

"1. The defendants as public officers, cannot plead as excuses for failure to obey a Statute of South Carolina, that the Act is unconstitutional.

"2. The defendants as public officers cannot plead as excuses for failure to obey a special Statute, that another Statute of general application requires such violation, especially when the only plain meaning of the words used in the special Act is that an exception (and exemption) was created.

"3. This is not an attempt to stay the collection of taxes, but the assessment thereof, and chapter 109, Article 3 of the Code of Laws, 1942, does not apply.

"4. If it were an action to stay the collection of taxes, it would not be contrary to the above Article (Section 2807, *et seq.*) of the Code of 1942 under the decisions of the Supreme Court, because plaintiff has no other adequate legal remedy.

"5. The other grounds are reserved."

The order of the Circuit Judge appealed from states:

"Under my view of the matter, it will only be necessary for this Court, in disposing of the matter to pass upon plaintiff's motion to strike defendants' demurrers as frivolous and that part of defendants' demurrers which question plaintiff's right to equitable relief, when it has a complete and adequate remedy at law."

Under the principles very clearly laid down by this Court in the case of *Greenville County Fair Association, Inc., v. Christenberry et al.*, 198 S. C., 338, 17 S. E. (2d), 857, I do not think that in an action of the present character the respondents are in a position to question the constitutionality of the 1936 Act exempting the property of appellant from taxes; and in my opinion this action, liberally construed, was not an action to enjoin the collection of taxes but one to delete from the tax books the name of appellant insofar as the property hereinbefore referred to is concerned, said property having been unlawfully placed on the tax books, therefore, Section 2807 of the Code of 1942, prohibiting Courts by way of injunction, writ or order, to stay the collection of taxes, is not applicable. And it follows that Sections 2808 and 2809 of the Code of 1942 have no applicability. In this connection, and as sidelights, see *State ex rel. Daniel et al. v. Textile Hall Corporation,* 185 S. C., 406, 194 S. E., 66; *Town*

*of Myrtle Beach v. Holliday, Tax Collector et al.,* 203 S. C., 25, 26 S. E. (2d), 12.

Following the majority opinion to a logical conclusion, if the auditor of a county should arbitrarily place a church upon the tax books, although under the Constitution such property is exempt from taxation, the church would have to pay the tax under protest and sue for a refund thereof. It will not be questioned that the duty of an administrative official to obey the dictates of the General Assembly is not less than his duty to obey a constitutional mandate. As far as he is concerned, it is merely a question whether his duty is laid down by lawful authority.

I cannot believe that it was the intendment of the legislature that Sections 2807-2809 of the Code would have any applicability to a situation such as exists in this case. The principle of law in this case does not involve "the collection of taxes"; we are confronted with the broader issue whether a public official who is charged by law with the performance of a ministerial act can ignore the legislative mandate, and thereby deprive the Courts of jurisdiction to protect the citizens against the consequences of his admitted violation of the applicable statute. It is merely incidental in this case that the consequences of the violation of the statute deals with the subject of the statute; the underlying question is whether *in any* case a County or State administrative official can defy the legislative arm of the Government without subjecting himself to judicial restraint in the form of compulsion to do only what the legislature has directed him to do.

Where property is placed on the tax books in the face of a statute specifically exempting it from taxes, it is an arbitrary act on the part of the tax officials which should not be dignified by so broad a construction of said sections of the Code as is *given* by the majority opinion.

308

For the foregoing reasons, I respectfully dissent from the majority opinion in this case. The demurrers of respondents should have been stricken and the returns to the rule declared to be insufficient; and the property of the appellant as described in the petition and rule to show cause should have been declared not subject to county, municipal or school taxation; and the respondents in their official capacities should have been required and directed to make the proper entries to this effect upon the official books in their possession and to perform each and every official function necessary to carry such order into effect.