18940

ELMWOOD CEMETERY ASSOCIATION, Respondent, v. Robert C. WASSON et al, Appellants.

(169 S. E. (2d) 148)

*Messrs. Daniel R. McLeod, Attorney General,* and *Joe L. Allen, Jr.,* and *G. Lewis Argoe, Jr., Assistant Attorneys General,* of Columbia, *for Appellants,*

*Charles F. Cooper, Esq.,* of Columbia, for Respondent.

July 15, 1969.

BRAILSFORD, Justice.

This action was brought in the Richland County Court by Elmwood Cemetery Association, which was chartered as an eleemosynary corporation on 17 December, 1940, against the South Carolina Tax Commission for a judgment declaring that it is exempt from the payment of income tax by Section 65-226 (3), Code of 1962, and restraining the Commission from assessing or attempting to

collect any tax against it. The Commission demurred to the complaint upon the ground that the action is against the State of South Carolina and is not authorized by statute. This appeal by the Commission is from an order of the County Court, Honorable Legare Bates, Judge, overruling the demurrer and granting judgment for plaintiff as prayed. We need only consider whether the action is maintainable against the Commission. A negative answer is required by the rule of sovereign immunity and by the provisions of the applicable statutes.

In the clearest of terms Section 65-2651, of Article 1, Chapter 21, Code of 1962, captioned "Erroneous Assessments and Payments," provides that "no writ, order or process of any kind whatsoever staying or preventing the Tax Commission or any officer of the State charged with a duty in the collection of taxes from taking any steps or proceeding in the collection of any tax, *whether such tax is legally due or not,* shall in any case be granted by any court or the judge of any court." (Emphasis added.) This chapter authorizes the payment of taxes claimed to be illegal under protest and suit at law for the recovery of the sum so paid. Sections 65-2661 and 2662, *ibid.* With the exception of certain remedies before the Commission, which are in nowise involved, the Code is explicit that the remedy provided by these sections is exclusive. "There shall be no other remedy than those provided in this chapter in any case of the illegal or wrongful (a) collection of taxes, (b) attempt to collect taxes * * *." Section 65-2655, Code of 1962. The exclusiveness of the statutory remedy has been recognized by this court. "These remedies having been provided, the provisions of Section 2845, Code, 1932 (Section 65-2651, Code of 1962), to the effect that the collection of taxes shall not be stayed or prevented by injunction, become fully operative and must be given effect. That the legal remedies thus provided are adequate and exclusive has been so frequently decided as to render the citation of authority superfluous." *Chesterfield*

*County v. State Highway Department,* 191 S. C. 19, 3 S. E. (2d) 686, 701; *Textile Hall Corporation v. Riddle,* 207 S. Ç. 291, 35 S. E. (2d) 701.

The demurrer should have been sustained and the action dismissed.

Reversed.

Moss, C. J., Lewis and Bussey, JJ., and Francis B. Nicholson, Acting J., concur.