19177

ELMWOOD CEMETERY ASSOCIATION, Respondent v. SOUTH CAROLINA TAX COMMISSION, Appellant.

(179 S. E. (2d) 609)

*Messrs. Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr., G. Lewis Argoe, Jr., Asst. Attys. Gen.,* of Columbia, *for Appellant,*

*Henry H. Edens, Esq.,* of Columbia, *for Respondent,*

February 26, 1971.

LEWIS, Justice.

This controversy between respondent, Elmwood Cemetery Association, and appellant, South Carolina Tax Commission, arises out of the attempt of appellant to require respondent to pay income tax to the State. From a ruling by the lower court holding that *Elmwood* was not subject to the tax, the Tax Commission has appealed.

In 1966, the Tax Commission made an assessment against Elmwood for income tax allegedly due and unpaid for the years 1949-1963, inclusive, in the total amount of $41,120.58, plus penalty of $10,280.10, and interest of $10,863.14, for a total tax liability of $62,263.91. Elmwood was issued a charter in 1940 by the State as an eleemosynary cemetery corporation, pursuant to the provisions of Section 12-751 *et seq.* of the 1962 Code of Laws, and has resisted the foregoing assessment under a claim that it is exempt from the payment of income tax by the terms of Section 65-226(3) of the 1962 Code of Laws, which exempts from the payment of such tax:

*"Cemetery Corporations* and corporations organized for religious, charitable, scientific or educational purposes or for the prevention of cruelty to children or animals, *no part of the net earnings of which inures to the benefit of any private stockholder or individual."* (Emphasis added).

This is the second action brought by Elmwood in its efforts to avoid the payment of the income tax assessed against it. The first *Elmwood Cemetery Ass'n v. Wasson,* 253 S. C. 76, 169 S. E. (2d) 148, sought a declaratory judgment that *Elmwood* was exempted by the above quoted provisions of Section 65-226(3) from the payment of income tax. We there denied the declaratory relief sought, holding that the exclusive remedy for contesting an alleged erroneous assess-

ment of income tax was by the payment under protest of the tax claimed to be illegal and a suit at law for the recovery of the sum so paid, in accordance with Sections 65-2661 and 65-2662, 1962 Code of Laws.

Following the filing of our opinion in the above case, *Elmwood* instituted this action, alleging that it had, on August 14, 1969, paid under protest the tax, interest, and penalty due under the assessment for the year 1949, as permitted by Section 65-2661; that it was, during 1949, and has been continuously since, a non-profit cemetery corporation without capital stock, no part of the net earnings of which inures to the benefit of any private stockholder or individual; and that it was therefore exempt from the payment of income tax as provided by the above quoted terms of Section 65-226(3) and should be refunded the amount paid for 1949. The complaint then alleged that the Tax Commission was seeking to collect income tax from *Elmwood* for years subsequent to 1949 and that it was entitled to a declaratory judgment relieving it from the payment of the tax assessed for the additional years.

It is therefore apparent that *Elmwood* sought in this action (1) to recover the tax paid under protest for the year 1949 and (2) a declaratory judgment that it was not liable for the tax assessed for the subsequent years, although such tax had not been paid under protest as required by Sections 65-2661 and 65-2662.

The answer of the Tax Commission admitted that the tax, penalty and interest had been paid under protest for the year 1949; but expressly denied that *Elmwood* qualified for the exemption from income tax permitted by Section 65-226 (3), *supra*. As a second defense, the answer alleged that, since the entire amount of the tax assessed for the years 1949-1963 had not been paid and because of the exclusive remedy provided by Sections 65-2661-65-2662, the tax liability for the year 1949 or for subsequent years could not be determined in this action.

On October 10, 1969, approximately thirty (30) days after the issues were joined, *Elmwood* noticed a motion on the tenth day thereafter for summary judgment in its favor, in accordance with Circuit Court Rule 44, as amended, upon the ground that there was no genuine issue as to any material fact and it was entitled to a judgment in its favor as a matter of law. The motion stated that it would be based "upon the pleadings and matters of record which are made a part of the pleadings by reference, and upon the affidavit, with copy of charter, attached hereto." The charter referred to in the motion was that of the *Elmwood Cemetery Association*. The affidavit was that of Charles F. Cooper, attorney for *Elmwood,* and stated, in substance, of his own personal knowledge, *Elmwood* had been a non-profit cemetery corporation since 1944, and that at no time had any of the net earnings of such corporation inured to the benefit of any private stockholder or individual.

When the motion for summary judgment came on to be heard by the lower court, no showing was made by the Tax Commission by affidavit that there was any genuine issue for trial, in so far as this record reveals. The only additional showing made was that of *Elmwood* and upon that basis the lower court granted summary judgment on December 1, 1969 for the recovery of the tax paid under protest for the year 1949. In addition, the lower court held, in effect, that *Elmwood* was exempt from the payment of income tax for the years subsequent to 1949.

The lower court was clearly without jurisdiction to determine the liability of *Elmwood* for the payment of income tax for the years subsequent to 1949, since none of the tax assessed for these years had been paid. *Elmwood Cemetery Ass'n v. Wasson, supra,* 253 S. C. 76, 169 S. E. (2d) 148. The payment of the tax assessed for 1949 gave *Elmwood* no right to challenge, nor the court to determine, the tax liability for the subsequent years for which none of the tax assessed had been paid. Therefore, so much of the

Order of the lower court as holds that *Elmwood* was exempt from the payment of income tax for the years subsequent to 1949 was void and is accordingly reversed.

The sole remaining question is whether the lower court erred in permitting recovery by Elmwood for the tax paid under protest for the year 1949.

The Tax Commission first contends that Elmwood failed to comply with the statutory requirement that the tax assessed be paid before an action could be brought to contest the legality of the assessment. This is based, as we interpret it, upon the argument that the assessment for the years 1949-1963 is not separable, so as to give Elmwood the right to pay and contest the tax allegedly due for one year, here 1949, and that only by the payment of the total amount of the tax assessed for the years 1949-1963 could Elmwood contest the legality of the assessment for any one year.

While the total amount of the tax levied against Elmwood for the years 1949-1963 is referred to as if it were a single assessment, it is in reality made up of the separate calculations of tax due for each of the years in question. This is true because income taxes are levied annually on the basis of income received by the taxpayer during the preceding taxable year. The factors determining liability for the payment of the tax and the amount thereof may, and usually do, vary from year to year. Therefore, conditions may exist which would prompt a taxpayer to challenge the tax assessed in one year and not in others. For this reason, a deficiency assessment of income tax covering a period of years would ordinarily be separable so as to permit the taxpayer to elect to pay under protest the tax assessed for any one or more years and bring an action to recover the tax so paid.

We therefore hold that a taxpayer, against whom a deficiency in income tax is assessed for a period of several years, ordinarily has an *election*, feeling himself aggrieved by the assessment for one or more of the years and not all, to pay under protest the tax assessed for the year

or years in question and then bring an action for the recovery of the amount so paid, thus electing to leave the tax liability for the additional years uncontested.

The commission has cited the case of *Flora v. United States,* 357 U. S. 63, 78 S. Ct. 1079, 2 L. Ed. (2d) 1165, affirmed on rehearing 362 U. S. 145, 80 S. Ct. 630, 4 L. Ed. (2d) 623, as authority for its contention that the total amount of the tax assessed for the years 1949-1963 is not separable so as to permit the taxpayer to pay the assessment for one year and challenge the tax liability for that year in a suit to recover the amount so paid. We think the conclusion reached in *Flora* is sound, but inapplicable to the present case. In *Flora* the tax assessment was for one year, not several. The taxpayer paid only a portion of the tax assessed for that one year and attempted to bring an action to recover. The court held that the Federal statute, requiring the tax assessed be paid as a prerequisite to bringing suit for recovery, meant the entire tax for the taxable year and not a portion thereof.

Section 65-2661, *supra,* pursuant to which this action was brought, provides that when the commission charges or assesses any tax against any person, the person against whom *such taxes,* are charged or assessed may pay *such taxes* under protest. Section 65-2662 authorizes an action to recover the tax so paid. An income tax is a tax imposed for each taxable year and we think the foregoing sections contemplate the payment of the entire tax for a taxable year before the action authorized by Section 65-2662 can be maintained. This does not mean that, where a deficiency assessment for income tax is made against a taxpayer for several years, the taxpayer must pay the combined assessment for the period before he can contest the tax liability for any one year.

Having paid the assessment for the year 1949, this action was properly brought to recover the tax paid under protest for that year.

Finally, the commission contends that the lower court erred in granting summary judgment for the amount of the tax paid under protest for the year 1949, in that the record presented genuine factual issues upon which a trial was required.

Rule 44 of the Circuit Court Rules permits the granting of summary judgment where the showing before the court establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The Rule provides that the motion for summary judgment may be made with or without supporting affidavits. The evidentiary showing may be supported by depositions or otherwise. However, where the motion is made and supported by affidavits, depositions, etc., "an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial." If the adverse party "does not so respond, summary judgment, if appropriate, shall be entered against him."

With reference to the form of the affidavits, when filed in support of a motion for summary judgment, Rule 44 states:

"Supporting and opposing affidavits shall be made on personal knowledge, or, if on information and belief shall state the sources of such, shall set forth only such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein."

The affidavit filed by Mr. Cooper failed to add any support to the motion. The statements contained therein are nothing more than a restatement of the general allegations of the complaint which Mr. Cooper also verified as attorney. These constitute only statements of ultimate facts and conclusions.

Rule 44 contemplates an evidentiary affidavit. The mere reassertion in affidavit form of the general allegations of the complaint does not diminish or lessen the issues involved in the case.

Since the affidavit adds no evidentiary support to the motion, the present showing is tantamount to basing the motion on the pleadings, entitling the commission to rely in opposition upon the allegations and denials of its answer.

The pleadings presented a genuine issue of fact as to whether any of the net earnings of Elmwood, chartered as an eleemosynary corporation, inured to the benefit of any private stockholder or individual during the year 1949 so as to exempt it from liability for income tax under Section 65-226(3), *supra;* and the lower court was in error in granting the motion for summary judgment.

The Tax Commission has also appealed from an order of the trial judge settling the case on appeal. The matters in dispute relate solely to the Statement. We think that the Statement as finalized by the trial judge was adequate, and the order settling the case on appeal is affirmed.

Otherwise, the judgment is reversed and the cause remanded for trial of the issues as limited by this decision.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.