19190

PERPETUAL BUILDING AND LOAN ASSOCIATION OF CO-
LUMBIA, Appellant, v. SOUTH CAROLINA TAX COMMIS-
SION, Respondent.

(180 S. E. (2d) 195)

*Charles F. Cooper, Esq.,* of Columbia, *for the Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr., G. Lewis Argoe, Jr., Asst. Attys. Gen.,* of Columbia, *for Respondent,*

March 24, 1971.

Moss, Chief Justice:

This action between Perpetual Building and Loan Association of Columbia, the appellant herein, and the South Carolina Tax Commission, the respondent herein, arose out of an attempt on the part of the respondent to require the appellant to pay income tax to the Sate. The appellant prosecutes this appeal from an order of the lower court granting summary judgment, in accordance with Circuit Court Rule 44, in favor of the respondent.

The appellant was organized and chartered as a building and loan association pursuant to the provisions of Section 12-51 *et seq.,* of the 1962 Code of Laws. It appears that the appellant did, except for the year ending December 31, 1969, file an income tax return for the years 1966, 1967 and 1968,

and such returns indicated that no taxes were due or payable by it for such years. During 1969 the respondent made an assessment, after an examination and audit, against the appellant for income taxes, interests and penalties allegedly due and unpaid on its net income for the years 1966 through 1969, inclusive, totaling in the aggregate $63,364.64.

The respondent, being authorized and required by law to administer and enforce the income tax statutes for this State declared, pursuant to applicable statutes, that the taxes, interest and penalties allegedly due on the net income of the appellant, to be in jeopardy and, therefore, made demand upon it on November 14, 1969, for the immediate payment thereof as follows—for the year 1966 the amount of $5,553.59; for 1967 the amount of $26,123.13; for 1968 the amount of $12,763.89; and for 1969 the amount of $16,000.00. The appellant failed to make the payment thereof, contending that it owed no income taxes for the years in question. The respondent, following appellant's failure to make payment as demanded, issued a warrant for distraint, recording the same on November 14, 1969, in the office of the Clerk of Court of Richland County, in the amount of $63,464.64. The respondent, thereafter, levied upon the funds of the appellant on deposit in the Commercial Bank and Trust Company of Columbia, South Carolina, and did receive therefrom the sum of $97.88.

The appellant, on December 3, 1969, instituted this action in the Court of Common Pleas for Richland County, under the provisions of Sections 65-2661 and 65-2662, of the Code, seeking recovery of the $97.88, alleging the same was illegally and wrongfully collected, and for a determination by the court that all of the aforesaid income tax assessments made against it were illegal, null and void. Thereafter, the respondent moved for summary judgment on the ground that the appellant could not invoke Sections 65-2661 and 65-2662 to recover a partial payment of taxes and have its entire tax liability adjudicated without first paying under protest the entire tax assessment alleged to be illegal, as such

payment was a condition precedent to the bringing of an action pursuant to the aforementioned Code sections. The respondent further asserted that since the appellant had not paid the taxes in question, as required by statute, no cause of action was stated against it and the court was without jurisdiction to entertain such.

The motion of the respondent for summary judgment came on to be heard in the lower court on March 17, 1970, and the appellant, at such time, attempted to move for summary judgment in its behalf upon various grounds. Objection by the respondent to the consideration of the appellant's motion for summary judgment was made on the ground that such motion had not been timely submitted in accordance with Circuit Court Rule 44, which required that such motion be served at least ten days before the time fixed for the hearing. The objection of the respondent to the appellant's motion was properly sustained by the trial judge, because of the appellant's admitted failure to comply with the aforesaid rule.

The trial judge, by order dated April 14, 1970, granted the motion of the respondent for summary judgment, holding that the appellant was not entitled to maintain this action pursuant to Code Sections 65-2661 and 65-2662, because it had not paid under protest the entire amount of the income taxes, alleged to have been illegally assessed, such payment being a condition precedent to the bringing of an action under these Code Sections. He further held that a partial payment will not satisfy the condition of these sections.

As a part of its prayer for relief the appellant sought a judgment declaring that all assessments made against it were and are wrongful, illegal, null and void. In *Elmwood Cemetery Association v. Wasson,* 253 S. C. 76, 169 S. E. (2d) 148, we there denied the declaratory relief sought, holding that the exclusive remedy for contesting an alleged erroneous assessment of income taxes was by payment under protest of the tax claimed as illegal

and a suit at law for the recovery of the sum so paid, in accordance with Sections 65-2661 and 65-2662 of the Code. The rule stated in the cited case is here applicable and the appellant is not entitled to any relief by way of declaratory judgment.

The appellant contends that the trial judge erred in holding that it could not maintain this action, pursuant to Code Sections 65-2661 and 65-2662, to recover the sum of $97.88, alleged to have been illegally and wrongfully collected, without it first paying under protest the income tax so assessed. In considering this question, we will assume that the sum of $97.88, collected by levy from the appellant's bank account, constituted a payment under protest as contemplated by the aforesaid statutes.

The appellant, as is hereinbefore stated, brings this action under Sections 65-2661 and 65-2662 for the recovery of income tax alleged to have been unlawfully assessed. Having invoked the statutory remedy the appellant was required to bring itself within the statutes and strictly comply with all the conditions prescribed therein. *Bomar v. City of Spartanburg*, 181 S. C. 453, 187 S. E. 921.

The total amount of taxes levied against the appellant is made up of the separate calculations of tax due for each of the years 1966-1969. The warrant for distraint shows the amount of income tax assessed for each of the years in question. In *Elmwood Cemetery Association v. South Carolina Tax Commission*, S. C., 179 S. E. (2d) 609, filed February 26, 1971, we held that a tax assessment covering a period of years is separable so as to permit the taxpayer to elect to pay under protest the tax assessed for any one or more years and bring an action to recover the tax so paid. However, we further held that a taxpayer may not elect to pay under protest a partial amount of the tax assessed for a single year and bring an action to recover such. Since an income tax is imposed for each taxable year, we think the foregoing Code sections contemplate the pay-

ment of the entire tax for a taxable year before an action to recover such tax can be maintained. In the last cited *Elmwood* case we referred to the case of *Flora v. United States,* 357 U. S. 63, 78 S. Ct. 1079, 2 L. Ed. (2d) 1165, affirmed on rehearing 362 U. S. 145, 80 S. Ct. 630, 4 L. Ed. (2d) 623, where it was held that under a Federal Statute requiring the tax assessed to be paid as a prerequisite to the bringing of a suit for recovery meant the entire tax for the taxable year and not a portion thereof. It is apparent from the foregoing that there must be a payment of the entire tax for a taxable year, or years, before an action pursuant to our Code can be maintained. While the total income tax assessment for the years in question is $63,464.64, the lowest income tax assessment for any one of the several years is $5,553.59. It is thus apparent, in view of the foregoing, that the appellant's payment of $97.88 under protest is wholly insufficient to entitle it to bring an action under Code Sections 65-2661 and 65-2662, to contest its tax liability for any one of the several tax years here involved.

We therefore, conclude that there was no error on the part of the trial judge in granting summary judgment in favor of the respondent.

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.