## 20416

Arthur M. LABRUCE, M.D., P.A., Stanley L. Waldman & Reese I. Joye, Jr., Ed. F. Dew d/b/a Dew's Barber Shop, Dixie Salvage Company, Inc., Charleston Copying Company, Inc., Garnett Car Service, Inc., Charles W. Garnett d/b/a Wholesale Tire & Battery, Neadon Eldridge Tucker, Jr. d/b/a Tucker's Billiard Supply, James E. Dew d/b/a Dew's Auto Shop, Purity Ice Cream Co., Inc., and Clary P. Mizzell d/b/a Mizzell's Aviation Exxon, Appellants, v. The CITY OF NORTH CHARLESTON, a Municipal Corporation, and John E. Bourne, Pete B. Adams, Jr., R. Zipperer, Oatman C. Gerald, Patsy W. Hughes, James V. Edwards, and Robert A. Ankerson, the Mayor and City Council of North Charleston, Respondents.

(234 S. E. (2d) 866)

*Reese I. Joye, Jr., Esq.,* of North Charleston, *for Appellants,*

*James E. Gonzales, Esq.,* of North Charleston, *for Respondents,*

May 4, 1977.

NESS, Justice:

Appellants instituted this action for the recovery of business license taxes paid under protest. The trial court sustained the respondent's demurrer finding a defect of parties defendant. We affirm.

Appellants are businessmen and professionals operating within the corporate limits of the City of North Charleston. On February 13, 1975, the City enacted its Business License Ordinance and assessed the taxes. Appellants paid the assessments under protest and instituted this action pursuant to Section 65-2661 *et seq.,* Code of Laws, 1962. Section 65-2663 provides:

"The remedies and rights given by §§65-2661 and 65-2662 for the payment of taxes under protest and the recovery

thereof shall apply equally to incorporated municipalities, with respect to city or town taxes, such payments under protest to be made by any person entitled under the provisions of §65-2661 so to do to the city or town treasurer or other officer of the city or town having authority to receive and collect taxes *and the suit to be brought against such city and the treasurer in the court of common pleas for the county in which the property lies."* (Emphasis added).

Section 65-2661 *et seq.,* Code of Laws, 1962, provides the exclusive remedy for the recovery of contested taxes. *Elmwood Cemetery Association v. Wasson,* 253 S. C. 76, 169 S. E. (2d) 148 (1969). Strict compliance with the conditions precedent is prescribed when one invokes the statutory remedy. *Perpetual Building & Loan Association of Columbia v. S. C. Tax Commission,* 255 S. C. 523, 180 S. E. (2d) 195 (1971) ; *Bomar v. City of Spartanburg, et al.,* 181 S. C. 453, 187 S. E. 921 (1936).

Appellants concede suit was filed omitting to join the treasurer of the City of North Charleston. Appellants also admit that Section 65-2663 requires the joinder of the City treasurer as a party defendant. As justification for this delict, it is alleged that the City had no treasurer and the appellants were unable to discern the commensurate officer.

In October of 1974 the City amended its Municipal Code Section 2-70 as follows:

"The Mayor shall appoint the Finance Director of the City, subject to the approval of City Council, which Finance Director shall serve at the Mayor's pleasure. Whenever the term, 'City Treasurer,' appears in the Code of Laws of the City of North Charleston, it is deemed to mean 'Finance Director.' "

Citizens are charged with knowledge of existing law. *Ex parte Wessinger,* 235 S. C. 239, 111 S. E. (2d) 13 (1959). Accordingly, cognizance of city ordinances is presumed.

31A C. J. S. Evidence §132(2)c. In any event, Section 65-2663 specifically contemplates and gives notice of the possibility of diverse designations of corresponding departments by defining the position as "the city or town treasurer or other officer of the city or town having authority to receive and collect taxes .. ." The appellants failed to comply with the statutory conditions precedent and the demurrer was properly sustained.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.