22753

Jerry H. McDONALD, Janice B. Lee, Patricia D. Crawford, E. Euford Godwin, Andrew E. Evans, Thurmond C. Poston, Doris M. Floyd, Linda Weatherly, Ned P. Moore, Julian M. Weatherly, John R. C. Fennell, Leo Wayne Hanna and Barbara Renee McDonald, residents, taxpayers, property owners and registered electors of School Districts 1, 2, 3, 4 and 5, County of Florence, State of South Carolina, Appellants v. James WOMACK, Calvin Thomas, Lucy Davis, Maggie Glover, George Jordan, Marvin Lynch, Weston Weldon, T. Paul Vivian, W. L. Coleman, Martha R. Garrison, Theodore Allison, Vance L. Ard, David R. Creel, Charles Lucas, James C. Jones, James Hyman, Lester P. Branham, Jr., George Rollins, John L. Graham, Gerry F. Inabinet, Joe Kinsey, Ben Prosser, A. L. Wilson, John Coleman, Kim Turbeville, Ernest K. Nicholson, Jack Odomm, Monroe Friday, Elritha Bacote, T. R. Greene, James W. Hicks, Donnie Gibbs, Levern Edwards, Jr., J. Chester Floyd, James L. Carraway, Henry Poston, Wayne Eaddy, Dairen Jacobs, Stanley Hanna, Charles Maxwell, William N. McDaniel, Jr., Lester R. Waddell and W. G. Smith, in their official capacity as Superintendent, and/or Trustee for School Districts 1, 2, 3, 4 and 5 of the County of Florence, State of South Carolina and as Auditor and Treasurer of the County of Florence, State of South Carolina, Respondents.

(358 S. E. (2d) 705)

Supreme Court

*William F. Able,* of *Able & Associates,* Columbia, *for appellants.*

*D. L. McIntosh, James C. Rushton, III,* Florence, *Bruce E. Davis,* Camden, and *Howell Wilson,* Lake City, *for respondents.*

Heard June 11, 1987.

Decided July 20, 1987.

CHANDLER, Justice:

Jerry H. McDonald and other taxpaying citizens (Citizens) filed this action for declaratory judgment and injunctive relief against school district and county officials of Florence County (Districts). The Citizens challenge the constitutionality of S. C. Code Ann. § 12-35-1557 (Supp. 1986), a fund raising provision of the 1984 Education Improvement Act (EIA).

The Districts moved to dismiss under Rule 12(b)(1), SCRCP, upon the ground the Citizens' exclusive remedy is provided by S. C. Code Ann. § 12-47-10 *et seq.* (1976 and Supp. 1986), which require that the disputed tax must be paid under protest and an action brought for its recovery.

The trial court, holding § 12-47-10 *et seq.* applicable, granted the District's motion.

We agree and affirm.

## ISSUE
The single issue is whether the Citizens' exclusive remedy is under § 12-47-10 *et seq.*

## DISCUSSION
Section 12-47-10 provides "no writ, order or process of any kind *whatsoever* staying or preventing the Tax Commission or any other officer of the State charged with a duty in the collection of taxes from taking any steps or proceeding in the collection of any tax, *whether such tax is legally due or not,* shall in any case be granted by any court . . ." [Emphasis supplied].

Subsequent §§ 12-47-210 and 12-47-220 provide that the taxpayer must first pay the disputed tax under protest, then commence an action for its recovery within 30 days after making such payment. The procedures provided in the two sections are declared in § 12-47-50 to be the *exclusive* remedies for an aggrieved taxpayer.

This Court applied these statutory provisions in *Elmwood Cemetery Ass'n v. Wasson,* 253 S. C. 76, 169 S. E. (2d) 148 (1969). Our opinion in *Elmwood* is dispositive here:

In the clearest of terms Section 65-2651, of Article 1, Chapter 21, Code of 1962, captioned 'Erroneous Assessments and Payments,' provides that 'no writ, order or process of any kind whatsoever staying or preventing the Tax Commission or any officer of the State charged with a duty in the collection of taxes from taking any steps or proceeding in the collection of any tax, *whether such tax is legally due or not,* shall in any case be granted by any court or the judge of any court.' (Emphasis added.) This chapter authorizes the payment of taxes claimed to be illegal under protest and suit at law for the recovery of the sum so paid. Sections 65-2661 and 2662, *ibid.* With the exception of certain remedies before the Commission, which are in nowise involved, the Code is explicit that the remedy provided by these sections is exclusive. "There shall be no other remedy than those provided in this chapter in any case of the illegal or wrongful (a) collection of taxes, (b) attempt to collect taxes * * *.' Section 65-2655, Code of 1962. The exclusiveness of the statutory remedy has been recognized by this court. 'These remedies having been provided, the provisions of Section 2845, Code, 1932 (Section 65-2651, Code of 1962), to the effect that the collection of taxes shall not be stayed or prevented by injunction, become fully operative and must be given effect. That the legal remedies thus provided are adequate and exclusive has been so frequently decided as to render the citation of authority superfluous.' *Chesterfield County v. State Highway Department,* 191 S. C. 19, 3 S. E. (2d) 686, 701; *Textile Hall Corporation v. Riddle,* 207 S. C. 291, 35 S. E. (2d) 701.[1]

253 S. C. at 78-79, 169 S. E. (2d) at 149.

Accordingly, the holding of the trial court is affirmed and the action dismissed.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.

---

[1] S. C. Code Ann. § 65-2651 *et seq.* (1962) appear as S. C. Code Ann. § 12-47-10 *et seq.* (1976 and Supp. 1986) in the current version of the *Code of Laws of South Carolina.*