Mr. Justice NELSON
 

 delivered the opinion of the court.
 

 This is an appeal from a decree of the Circuit Court of this District, in which a bill was filed by the complainant for the purpose of enforcing the collection of a debt due from John McP. Brien, a non-resident, out of goods belonging to him within the District, in the hands of William Fowle <fc Sons, the consignees. It was defended by Fowle & Sons, on the ground that they had a lien upon the goods. They also set up, that the property was claimed by R. Gilmor, a merchant in Baltimore. The bill was afterwards amended, making Gilmor a defendant, who answered, setting uj> his title to the property ; and also filed a cross-bill against the complainant, Fowle & Sons, and'Brien, setting-forth the same title, and praying that the proceeds, the property in the mean time having been sold, might be paid over to him. The defendants put in several answers to the bill; but, upon the view we have taken of the case, it is unnecessary to refer to them particularly.
 

 The facts disclosed which it is material to notice are, that Brien, being indebted to Gilmor, on the 14th of March, 1843, shipped to Fowle & Sons 500 kegs of nails, the property in question, for the purpose of securing such indebtedness, and took from the master of the boat the following receipt or bill of lading: —- “ Received, March 14, 1843, of John McP. Brien 500 kegs of nails, to be delivered to William Fowle & Sons, Alexandria, D. C., for the use of Robert Gilmor, Esq., Baltimore, in good order.” And on the same day sent a letter directed to the consignees, advising them'that the goods were consigned for the use of 'Gilmor; and which was received about the time of the arrival of the goods.
 

 Upon these facts, the court below dismissed the original bill of complainant, with costs, and decreed the proceeds of the property to Gilmor, deducting freight and charges.
 

 The case is here on an appeal by the complainant in the original bill.
 

 We are of opinion, that the decree of the court below was right, and should be affirmed.
 

 The delivery of the goods by Brien to the master, and the bill of lading taken in the name of Gilmor, for the purpose of securing to him an existing indebtedness, operated as a transfer of the legal title; and the shipment, therefore, was not only in
 
 *439
 
 fact, but in judgment of law, for and on his account. Gilmor was the consignor.
 

 The effect of a consignment of goods, generally, is to vest the property in the consignee; but if the bill of lading is special to deliver the goods to A for the use of B, the property vests in B, and the action must be brought in his name in case of loss or damage. (3 Salk. 290; 1 Ld. Raym. 271; 3 Barn. & Ald. 382; 1 Binn. 109; Abbott on Ship. 216 and note; Long on Sales, 293, Boston ed.)
 

 If the person to whom the goods are ordered to be delivered, is only ah agent of the shipper, he has no property in them, and cannot maintain an action against the master for not delivering them, (Abbott, 216; 1 Camp. 369,) nor for damage for negligence of the carrier. (3 Barn. & Ald. 382.) And if the goods are shipped at the risk off the consignor, though the freight is payable by the consignee, the property remains in the former. (Abbott, 216; 1 Johns. 229.)
 

 These cases, and others that might be referred to, show that the five hundred kegs of nails in the hands of Fowle & Sons were not subject to the attachment of the complainant for the liabilities of Brien, their debtor, as the title to the property had already passed to the defendant, Gilmor; and, also, that Fowle & Sons had no valid lien upon them as consignees for previous advances to Brien by the delivery to the master; as they were only agents to receive the goods on commission for sale, and were advised by the bill of lading and correspondence, that they were shipped for and on account of Gilmor. Though the goods were delivered by Brien to the master for consignment, they were delivered as the. property of Gilmor, and, under circumstances, as we have seen, that had the effect to invest him with the title. His right, therefore, was prior in point of time to any lien that might have been acquired, either by the complainant or Fowle & Sons, in consequence of Brien’s indebtedness, upon the strictest principles of law; and as to the equities, it was but a race of diligence among the several creditors of a failing debtor to see which should get the first security for their debts.
 

 An objection was made on the argument, that there was no evidence that Gilmor had assented to the transfer of the property to him as security for his demand against Brien, until after the levy of the complainant’s attachment.
 

 The original bill was amended, making him a! defendant, and in his answer he sets up that the transfer was made in pursuance of a previous agreement between him and Brien,-in part liquidation of his indebtedness.
 

 
 *440
 
 We are inclined to think this part of the answer is responsive to the bill,' and there is no evidence in the case contradicting it in this respect. Though the bill is brief and meagre in the statement of the case which it presents, and has not incorporated in it the amendment making Gilmor a defendant ; yet, from the nature of the charge against him, and ground for making him a party, it would seem necessarily to call upon him to set forth his claim to the property in dispute.
 

 But it is unnecessary'to place the answer to the objection on this ground. In the absence of all evidence to the contrary, in case1 of an absolute assignment of property by a debtor to his creditor .for the purpose of securing a preexisting debt, an assent will be presumed on account of the benefit that he is to derive from it.
 

 This principle was recognized and applied by this court in the case of Tompkins
 
 v.
 
 Wheeler, 16 Peters, 106, and had been before in Brooks
 
 v.
 
 Marbury, 11 Wheat. 96. No expression of assent, the court say, of the person for whose benefit the assignment is made, is necessary to the vesting the title, as the creditor is rarely unwilling to receive his debt from any hand that will pay him.
 

 It was also objected, that Brien was an incompetent witness for Gilmor, on the ground of interest; but it is apparent that he had no interest in the suit, for in any event the property would be applied to the discharge of debts against him, and whether in favor of one or the other was, in point of interest, a matter of indifference to him.
 

 In any view, therefore, that can be properly taken of the case, we are of opinion the decree of the court below was right, and should be affirmed.
 

 Order.
 

 This cause came on to be. heard on the transcript of the record from the Circuit Court of the United States for the District of Columbia, holden in and for the County of Alexandria, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that the decree of the said Circuit Court in this cause be, and the same is hereby, affirmed, with costs.