18583

MELODY MUSIC CO., Inc., and U. G. Bryant, individually and doing business as Chris and Gene's, Appellants, v. Daniel R. McLEOD, Attorney General for the State of South Carolina, O. W. Livingston, Robert C. Wasson, Sam N. Burts, J. A. Calhoun, Jr. and Walter W. Lewis, constituting the South Carolina Tax Commission, and Sheppard Griffith, Sheriff of Richland County, representing law enforcement of the class, Respondents.

(151 S. E. (2d) 749)

*Messrs. Hyman & Morgan,* of Florence, *for Appellants,*

546

*Messrs. Daniel R. McLeod, Attorney General,* and *Joseph C. Coleman, Assistant Attorney General,* and *Joseph D. Sapp,* of Columbia, *for Respondents,*

December 5, 1966.

Moss, Chief Justice.

Melody Music Co., Inc., distributes and places on location billiard or pocket billiard tables, measuring not more than three and one-half feet in width and seven feet in length, in service stations, grocery stores, or other places in which the principal business is something other than the operation of billiard or pocket billiard tables. One of these tables is located and operated in a restaurant owned by U. G. Bryant, who operates a business known as Chris and Gene's. A license for the operation of this table was granted by the South Carolina Tax Commission pursuant to Section 5-665 of the Code.

Melody Music Co., Inc. and U. G. Bryant, trading as aforesaid, the appellants herein, instituted this action under the "Uniform Declaratory Judgments Act", Sections 10-2001 *et seq.,* 1962 Code of Laws, against the Attorney General of the State, the South Carolina Tax Commission and the Law Enforcement Officers of this State as a class, the respondents herein, seeking an injunction *pendente lite* and permanently from enforcing Sections 5-501 (6) and 5-513 of

the Code, asserting that such statutes have no application to billiard or pocket billiard tables licensed under Section 5-665 of the Code. The appellants further contend that the enforcement of such statutes would deny them the equal protection of the law and deprive them of their property without due process of law. The answer of the respondents allege the applicability of the aforesaid statutes to the operation of the billiard or pocket billiard tables either owned or operated by the appellants. The unconstitutionality of the statutes was also denied.

This case came on for a hearing before The Honorable John Grimball, Presiding Judge, upon an agreed stipulation of facts. After hearing oral arguments and giving consideration to written briefs filed by the parties, an order was filed in which it was held that the injunction *pendente lite* previously issued be dissolved and the complaint of the appellants was dismissed. In the order the trial judge held as follows:

"It is my opinion that any room, building, or place in which are operated for profit one or more pool tables, whether such tables are of standard size or smaller, is a billiard room within the meaning of Section 5-501, 1962 Code, and that such places are subject to all requirements of Chapter 6, Title 5, 1962 Code, except the tax rate per table provided in Section 5-665, 1962 Code, for billiard tables measuring not more than three and one-half feet by seven feet."

The exceptions of the appellants raise two questions. (1) Is the operation of a billiard or pocket billiard table, such as is described in and licensed under Section 5-665 of the Code, in places in which the principal business is something other than the operation of billiard or pocket billiard tables, subject to the provisions of Sections 5-501(6) and 5-513, such being statutes contained in Chapter 6 of the Code; and (2) Does the application of the provisions of Chapter 6, as is contained in Sections 5-501 *et seq.* of the Code, to the appellants, deny them due process and equal protection of the law as guaranteed to them by the Fourteenth Amendment

to the United States Constitution and Art. I, Section 5, of the 1895 Constitution of this State.

Sections 5-501 through 5-521, Chapter 6, of the Code, have to do with the licensing of and the regulations pertaining to the operation of billiard rooms or pocket billiard rooms. Section 5-665 of Chapter 7, of the Code, has to do with the licensing of any billiard or pocket billiard table, as such is described in said section. This section contains no regulations regarding the operation of any billiard or pocket billiard table and in no way refers to Chapter 6 of the Code and the regulations therein contained. However, both Chapter 6 and Chapter 7 of the Code deal with the licensing of billiard or pocket billiard tables. Under Section 5-519 of the Code, the operator of a billiard room is required to pay an annual license tax of Twenty-five Dollars per table and, under Section 5-665 of the Code, every person operating any billiard or pocket billiard tables of the description therein contained is required to pay an annual tax of Ten Dollars per table.

The record shows that the appellants obtained a license to operate a pocket billiard table pursuant to the provisions of Section 5-665 of the Code, which provides:

"Every person owning or maintaining any place of business or other place wherein or in connection with which is operated or located any billiard or pocket billiard table measuring not more than three and one-half feet wide and seven feet long, whether operated by a slot or otherwise, shall apply for and procure from the Commission a license for the privilege of operating such billiard or pocket billiard table and shall pay for such license a tax of ten dollars for each billiard or pocket billiard table owned or operated except that every person operating billiard or pocket billiard tables measuring more than three and one-half feet wide and seven feet long, whether operated by slot or otherwise, shall be taxed under the provisions of chapter 6 of this Title."

The statutory regulations applicable to billiard rooms and pocket billiard rooms are set forth in Section 5-501, *et seq.*

of the Code. Section 5-501(1) defines a "billiard room" and "pocket billiard room" as "[A]ny room, hall, building or place kept for the purpose of operating billiard or pocket billiard tables for the purpose of permitting games to be played thereon for profit."

It is stipulated here that "the pool tables involved are operated in service stations, groceries, or general stores, or other places in which the principal businesses of the establishments are something other than the operation of billiard or pool tables." The principal business of the appellant Bryant is the operation of a restaurant, and the room in which he operates same is not kept for the purpose of operating billiard or pocket billiard tables within the contemplation of the provisions set forth in Section 5-501 *et seq.* of the Code. It follows that the room in which the restaurant was operated is not a billiard room or pocket billiard room and Sections 5-501(6) and 5-513 are inapplicable to the appellants, not because the tables are of the dimensions mentioned in Section 5-665 but because Bryant's business is other than the operation of a billiard room. The appellants argue that they are not subject to the regulations contained in Sections 5-501 *et seq.,* Chapter 6 of the Code, because Section 5-665 operates as a repeal of these sections and hence such are not applicable to billiard or pocket billiard tables of the size mentioned in said Section 5-665. We do not agree with this contention for the reason that if a person should operate a billiard room as such is defined in Chapter 6 of the Code, and equipped with billiard or pocket billiard tables described in Section 5-665, such would be a billiard room and subject to the restrictive provisions contained in Chapter 6 of the Code.

It is our conclusion that the trial judge was in error in holding that Bryant's place of business, because of the operation therein of a billiard or pocket billiard table, as such is described in Section 5-665 of the Code, was a billiard room within the meaning of Sections 5-501 *et seq.* of the Code, and that such was subject to all of the restrictions and regulations contained in said sections.

In view of the foregoing conclusion it is unnecessary for us to consider the constitutional question raised by the appellants.

The judgment of the lower court is reversed and this case remanded thereto so that a proper order not inconsistent herewith may be entered.

Reversed and remanded.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting J., concur.