Shirley Shueh-Lan **CHEN**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 19509.

United States Court of Appeals
Eighth Circuit.

Nov. 5, 1969.

Jan D. Stuurmans, Dorsey, Marquart, Windhorst, West & Halladay, Minneapolis, Minn., for petitioner; briefs and motion in opposition to motion to dismiss was filed by Bernard P. Becker, Smith & Munro, Legal Aid Society of Minneapolis, Inc., Minneapolis, Minn.

Paul C. Summitt, Atty., Dept. of Justice, Criminal Division, Administrative Regulations Section, Washington, D. C., for respondent; Will Wilson, Asst. Atty. Gen., Jerome M. Feit, Atty., Dept. of Justice, Washington, D. C., and Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., on the brief. Motion to dismiss was filed by Daniel Bartlett, Jr., U. S. Atty.

Before VAN OOSTERHOUT, Chief Judge and LAY and HEANEY, Circuit Judges.

PER CURIAM.

The issue presented by the Government's motion to dismiss this appeal is whether 8 U.S.C.A. § 1105a(c) divests this court of jurisdiction to review a deportation order, administratively final, in a situation where the petitioner has voluntarily departed from this country subsequent to the filing of a timely petition for review.

The petitioner, Miss Chen, a citizen of Taiwan, Republic of China, was admitted to the United States on September 17, 1967, on nonimmigrant-student visa expiring on September 17, 1968. An order for her deportation, under 8 U.S.C.A. § 1251(a) on the ground that she was excludable at the time of entry under 8 U.S.C.A. § 1182(a) (3), as an alien who had one or more attacks of insanity, became administratively final when the Board of Immigration Appeals dismissed her appeal on August 20, 1968.

Petition for review of the deportation order was filed on October 31, 1968. On November 1, 1968, deportation was stayed pursuant to 8 U.S.C.A. § 1105a (a) (3) pending determination of the petition for review. Upon oral argument on September 11, 1969, counsel for petitioner conceded that petitioner had voluntarily left the United States on or about May 22, 1969, and that she has remained outside of the United States up to the present time.

Federal courts below the Supreme Court level have only such jurisdiction as is given them by Congress. Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329; Ex parte McCardle, 7 Wall. 506, 512–514, 74 U.S. 506, 512–514, 19 L.Ed. 264; Sheldon v. Sill, 8 How. 440, 448–449, 49 U.S. 440, 448–449, 12 L.Ed. 1147; Wallach v. City of Pagedale, 8 Cir., 376 F.2d 671, 675. The Power of Congress to confer jurisdiction carries with it the power to remove jurisdiction.

Petitioner contends that once jurisdiction of a United States court attaches, a subsequent change in condition of the parties will not oust jurisdiction. In support Morgan's Heirs v. Morgan, 2 Wheat. 290, 297, 15 U.S. 290, 297, 4 L. Ed. 242 (change of residence in diversity case) and Kanouse v. Martin, 15 How. 198, 56 U.S. 198, 14 L.Ed. 660 (change in jurisdictional amount) and similar cases are cited. Such cases do not turn on the lack of power of Congress to take away acquired jurisdiction but upon a' failure of Congress to make the changed standards effective as to pending cases.

The dispositive issue on the motion before us is a determination on whether Congress has expressed an intention in the controlling statute, 8 U.S.C.A. § 1105a (c), to take away review jurisdiction in deportation cases where the departure from the country occurred after a deportation review proceedings had been commenced. The answer must be found in the interpretation of § 1105a(c), which in pertinent part reads:

"An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations or if he has departed from the United States after the issuance of the order. * * *"

The statute in our view is clear and unambiguous and plainly states that an order of deportation shall not be reviewed if the deportee has departed from the United States.

Eight U.S.C.A. § 1101(g) provides:

"For the purposes of this chapter any alien ordered deported (whether before or after the enactment of this chapter) who has left the United States, shall be considered to have been deported in pursuance of law, * * *."

In Mrvica v. Esperdy, 376 U.S. 560, 565 n. 5, 84 S.Ct. 833, 836, 11 L.Ed.2d 911, the Court states:

"Indeed, discussion of the manner of the petitioner's departure seems beside the point in view of his concession that his departure executed the warrant for his deportation. (If by his departure he managed to execute the warrant for his deportation but nevertheless remain undeported, he was able to *improve* his status by leaving the country. The suggestion is untenable.)"

Moreover, any permission granted petitioner to reside in this country has expired by the terms of the visa granted. Her voluntary departure has eliminated any possibility or need for deporting her for staying beyond the period permitted by her visa.

Regardless of what the proper decision on the merits of the petition for review might be, petitioner as an alien cannot reenter the United States without complying with the entry provisions of the immigration laws.

The Government's motion to dismiss the petition for review is granted; the petition is dismissed for want of jurisdiction.