Transport Manufacturing & Equipment Company (an Illinois Corp.) v. Commissioner.
Transport Mfg. & Equipment Co. v. Commissioner
Docket No. 74953.
United States Tax Court
T.C. Memo 1971-178; 1971 Tax Ct. Memo LEXIS 155; 30 T.C.M. (CCH) 755; T.C.M. (RIA) 71178; July 26, 1971, Filed. Guy A. Magruder, Jr., 15 W. 10th St., Kansas City, Mo., for the petitioner. Daniel J. Boyer and Donald W. Geerhart, for the respondent. FORRESTER
Memorandum Sur Order FORRESTER, Judge: On July 14, 1964, this Court filed a Memorandum Opinion with respect to nine docket numbers including docket Nos. 74952 and 74953. Riss & Co., Inc., T.C. Memo. 1964-190. Docket No. 74952 involved the liability of Transport *157 Manufacturing & Equipment Company (a Delaware Corporation and hereinafter referred to as Delaware) as transferee of the assets of Transport Manufacturing & Equipment Company (an Illinois Corporation and hereinafter referred to as Illinois), the proponent of the motion herein. In that opinion we decided 39 separate issues. On August 29, 1968, we filed a Supplemental Memorandum Opinion with respect to a question which had arisen in the Rule 50 computations in docket Nos. 74952 and 74953. Transport Mfg. & Equipment Co., T.C. Memo. 1968-189. In that second opinion we held that we had jurisdiction to decide whether 756 respondent could rightfully impose interest on the interest portion of a jeopardy assessment. We entered the decisions in docket Nos. 74952 and 74953 on December 5, 1968, and January 17, 1969, respectively. Both Delaware and Illinois petitioned to the United States Court of Appeals for the Eighth Circuit for review of those decisions. Delaware petitioned for review of the post-assessment interest issue. Illinois sought review of our decision with respect to three of the issues which had been decided by our opinion of July 14, 1964, but did not petition *158 for review of our decision with respect to the question of whether we had jurisdiction to determine post-assessment interest. On October 1, 1970, the Eighth Circuit filed an opinion (1) vacating our decision in docket No. 74952 for lack of jurisdiction to determine post-assessment interest under section 297 of the 1939 Code and (2) affirming our decision in docket No. 74953. Transport Manufacturing & Equipment Co. v. Commissioner, 434 F. 2d 373 (C.A. 8, 1970). On November 5, 1970, the Eighth Circuit entered an amended judgment in which it remanded docket No. 74952 for recomputation of Delaware's liability without consideration of post-assessment interest. The amended judgment also provided: it is now here ordered and adjudged by this Court that the decision of the Tax Court entered in Docket No. 74953 (No. 19696 in this Court) be and the same is hereby affirmed. There has been no showing that Illinois either sought a rehearing with the Eighth Circuit or petitioned the Supreme Court for certiorari. On January 7, 1971, Illinois filed a "Motion for Leave to File Motion to Amend Judgment" and at the same time forwarded to the Clerk of this Court a "Motion to Amend *159 Judgment" and suggestions in support of its "Motion to Amend Judgment." On January 19, 1971, we granted Illinois' "Motion for Leave to File Motion to Amend Judgment" and on the same day the "Motion to Amend Judgment" and the suggestions in support of its "Motion to Amend Judgment" were filed with this Court. In its "Motion to Amend Judgment" Illinois requested this Court to exercise that part of our decision of January 17, 1969, pertaining to Illinois' liability for post-assessment interest. On March 24, 1971, we held a hearing on Illinois' "Motion to Amend Judgment," after which we requested briefs and took the motion under advisement. On June 16, 1971, we requested supplemental briefs directed toward a discussion of the applicability of section 7482 [1] to the questions raised by the parties herein. On July 2, 1971, in what was entitled "Petitioner's Supplemental Memorandum on Remand" (which we take to be Illinois' supplemental brief as requested on June 16, 1971), Illinois advised us that it had filed a motion with the Eighth Circuit seeking an order from that court granting this Court leave to deviate from that part of this Court's decision which exceeds its jurisdiction. *160 Upon a review of the events pertinent to this proceeding, we conclude that we have no power to deviate from the mandate of affirmance delivered by the Eighth Circuit. Aside from the traditional restrictions placed upon a trial court's power to alter a judgment which has been affirmed on appeal, see William D. Lydon, 56 T.C. 128 (April 21, 1971), and cases cited therein, there exists the specific statutory authority of section 7482(a) requiring that we deny Illinois' motion. Section 7482(a) establishes a rather particular scheme for review of decisions of this Court. It provides as follows: SEC. 7482. COURTS OF REVIEW. (a) Jurisdiction. - The United States Courts of Appeals shall have exclusive jurisdiction to review the decisions of the Tax Court, except as provided in section 1254 of Title 28 of the United States Code, in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury; and the judgment of any such court shall be final, except that it shall be subject to review by the Supreme Court of the United States upon certiorari, in the manner provided in section 1254 of Title 28 of the United States Code. *161 Thus, decisions of this Court may be reviewed by the Courts of Appeals and by those courts alone. In turn, judgments of the Courts of Appeals with respect to 757 decisions of this Court may be reviewed by the Supreme Court and by that Court alone. Our assumption of jurisdiction to amend a judgment of the Eighth Circuit would be, in effect, a review of that court's judgment, and, hence, a transgression not only of the traditional jurisdictional limits described in William D. Lydon, supra, but also of the statutory jurisdictional limits established by section 7482(a). In its original briefs in this proceeding and with reference to the Eighth Circuit's affirmance, Illinois states that "affirmance of a void judgment adds nothing to its validity." While we cannot disagree with that proposition, we might suggest that vacation of a void judgment adds nothing to its invalidity and that a void judgment, whether vacated or left untouched, is ineffective as a basis for res judicata. See Restatement, Judgments, secs. 1, 7, 11 (1942). But Illinois' argument as to the validity of either our decision or of the Eighth Circuit's judgment of affirmance misses the point. The question *162 before us is not whether the judgment of affirmance is partially void, but whether this Court has the power to alter that judgment of affirmance, even if it is partially void. Illinois contends that this Court possess the inherent power to strike from its "own" decision a part thereof which is void for want of jurisdiction. Unfortunately, this contention overlooks the fact that the original decision of this Court has now become a judgment of the Eighth Circuit. Thus, our original decision is not just our "own" decision but has now become incorporated within and inseparable from the Eighth Circuit's judgment of affirmance. Furthermore, while it may be true that this Court now has certain powers that it did not have prior to the Tax Reform Act of 1969, see secs. 7441, 7456(d), and cf. 28 U.S.C. sec. 1651(a) (1964), we believe that section 7482(a) negates the existence (in this Court, at least) of any inherent power to alter the Eighth Circuit's judgment, whether that judgment is partially void or wholly valid. Cf., e.g., Sheldon v. Sill, 8 How. 440 (1850); Chen v. Immigration and Naturalization Service, 418 F. 2d 209 (C.A. 8, 1969). *163 Whatever recourse Illinois had or now has we need not decide. It may, at this late date, be without remedy because of the various periods of limitation which operate to bring an early end to tax liability controversies. See, e.g., secs. 6511-6515; see also Quinn v. Hook, 231 F. Supp. 718 (E.D. Pa., 1964). We hold only that the Tax Court is not, at the present time, the proper forum for consideration of Illinois' "Motion to Amend Judgment." We conclude that we are powerless to alter either the Eighth Circuit's judgment of October 1, 1970, or its amended judgment of November 5, 1970. In order to reflect properly our conclusion that we do not have jurisdiction to even consider said "Motion to Amend Judgment," see Krock v. Electric Motor & Repair Company, 339 F. 2d 73 (C.A. 1, 1964), it is ORDERED: That our granting of Illinois' "Motion for Leave to File Motion to Amend Judgment" be and it is hereby vacated, and it is FURTHER ORDERED: That Illinois' "Motion to Amend Judgment" and its suggestions in support thereof be and they are hereby stricken from the docket of this Court. Footnotes
1. Unless otherwise specified, all section references are to the Internal Revenue Code of 1954, as amended.↩