**EASTERN FEDERAL CORPORATION, Plaintiff,**

v.

**Robert C. WASSON, Chairman of the South Carolina State Tax Commission; Charles N. Plowden, Commissioner; and John H. Lafitte, Jr., Commissioner, Defendants.**

Civ. A. No. 80–1108–14.

United States District Court, D. South Carolina, Columbia Division.

Oct. 6, 1981.

As Corrected Dec. 2, 1981.

Peter Connor Murphy, Columbia, S. C., for plaintiff.

Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr., Deputy Atty. Gen., Jackson E. Fields, Jr., Asst. Atty. Gen., Columbia, S. C., for defendants.

## ORDER

WILKINS, District Judge.

In this civil rights action, Plaintiff challenges the constitutionality of South Carolina Code Section 12–21–2710. This statute imposes a 20% tax on "X" rated and non-rated movies,[1] while South Carolina Code Section 12–21–2420 imposes a 4% tax on movies rated by the Motion Picture Association of America. Plaintiff has sued under the provisions of Title 42, United States Code Section 1983 and Title 28, United States Code Section 1343(3) seeking declaratory and injunctive relief.

## FINDINGS OF FACT

Prior to trial the parties entered into a stipulation of facts. After reviewing this agreement, I have adopted those facts which are material to this Order.

Plaintiff owns and operates a movie theater in Columbia, South Carolina which shows "X" rated and non-rated movies. As a result, South Carolina law charges it with the responsibility of collecting the 20% admissions tax from its patrons. All movie houses showing movies rated by the Motion Picture Association of America ("G", "PG" and "R") are required to collect a 4% admissions tax. Plaintiff has complied with the law for the last several years and presently is not delinquent in its payment of the tax. Defendants are employees of the South Carolina Tax Commission who are charged with enforcing South Carolina's tax laws. They are unaware of any pending criminal prosecutions against Plaintiff for failure to comply with the statute.

---

1. The statute reads:
   § 12–21–2710. Tax on admissions to "X" rated and unrated motion pictures.
   There shall be a license tax of twenty percent on admissions to view all movies rated "X" by the Motion Picture Association of America or its successor and on all movies which are not rated by the Motion Picture Association of America or its successor. S.C.Code (1976).

## DISCUSSION

██ Although this case was brought under the Federal Civil Rights Statute, the threshold issue is whether this court has subject matter jurisdiction. The mere assertion of a federal claim is not sufficient to trigger the jurisdiction of this court. Federal jurisdiction is created by statute and, therefore, exists only where Congress has provided it. *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 7, 11, 1 L.Ed. 718 (1799). The Constitution does not require Congress to provide a federal forum for the vindication of every federal right. *See Sheldon v. Sill*, 49 U.S. (8 How.) 440, 448, 12 L.Ed. 1147 (1850). Thus, there is a presumption that a federal court lacks jurisdiction over a particular case until subject matter jurisdiction has been alleged and proven. *Turner* 4 U.S. (4 Dall.) at 10; *Fairfax Countywide Citizens v. Fairfax County*, 571 F.2d 1299, 1303 (4th Cir. 1978) *cert. den.* 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978). The party invoking jurisdiction has the burden of establishing it. *Thomson v. Gaskell*, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942); *McNutt v. General Motors Accept. Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Bartholomew v. Virginia Chiropractors Ass'n, Inc.*, 612 F.2d 812, 816 (4th Cir. 1979) *cert. den.* 446 U.S. 938, 100 S.Ct. 2158, 64 L.Ed.2d 791 (1979). He must carry this burden by a preponderance of the evidence. *Griffin v. Matthews*, 310 F.Supp. 341, 342 (1969) *aff'd* 423 F.2d 272 (4th Cir. 1970) *citing Gilbert v. David*, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360 (1915). *See also Gemini Enterprise, Inc. v. WFMY Television Corp.*, 470 F.Supp. 559, 565 n. 4 (M.D.N.C.1979). *See McNutt*, 298 U.S. at 189, 56 S.Ct. at 785.

In their answer, Defendants challenge the subject matter jurisdiction of this court, claiming Title 28, United States Code Section 1341 deprives it of jurisdiction. This statute prohibits a district court from interfering with the collection of a state tax when there is a "plain, speedy and efficient remedy" in state court. 28 U.S.C. 1341.[2] Defendants contend Plaintiff has such a remedy under South Carolina's Uniform Declaratory Judgments Act, S.C.Code § 15–53–10 *et seq.* (1976).

Plaintiff has raised two objections to Defendants' challenge. First, it asserts this issue has already been disposed of by Judge Chapman in his order of February 26, 1981.[3] Second, it claims it has no adequate remedy in state court. It argues the South Carolina courts are barred from interfering with the administration of a state tax statute. S.C.Code Annot. § 12–21–2840 (1976).[4] Thus, it argues it has no remedy in state court and, consequently, Title 28, United States Code Section 1341 does not deprive this court of subject matter jurisdiction.

██ Since the issue addresses the essence of the court's jurisdiction, I am construing Judge Chapman's order very narrowly on this point. In the alternative, I will exercise my discretion to raise the issue of subject matter jurisdiction. *Satz v. ITT Financial Corp.*, 619 F.2d 738, 742 (8th Cir. 1980). The court has a duty to inquire into its lack of jurisdiction. *City of Kenosha v. Bruno*, 412 U.S. 507, 513–14, 93 S.Ct. 2222, 2226–27, 37 L.Ed.2d 109 (1973); *St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 287 n. 10, 58 S.Ct. 586, 589 n. 10, 82 L.Ed. 845 (1937); *Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198 (4th Cir. 1979).

2. This statute reads:
   § 1341. Taxes by States.
   The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State. June 25, 1948, c. 646, 62 Stat. 932.

3. Honorable Robert F. Chapman, Judge, United States Circuit Court of Appeals for the Fourth Circuit. This order was issued by Judge Chapman while he was still a District Judge. The case was assigned to me upon Judge Chapman's elevation to the Fourth Circuit.

4. This statute reads:
   § 12–21–2840. Collection of taxes shall not be enjoined.
   The collection of the license taxes imposed under the provisions of this chapter shall not be stayed or prevented by any injunction, writ or order issued by any court or judge thereof. 1962 Code § 65–854; 1952 Code § 65–854; 1942 Code § 2548; 1932 Code § 2548; 1928 (35) 1089.

By enacting Title 28, United States Code Section 1341, Congress has plainly prohibited the federal courts from interfering with state tax collection as long as there is "a plain, speedy and efficient remedy" in the state courts to challenge the collection. 28 U.S.C. § 1341; *28 East Jackson Enterprises, Inc. v. Cullerton*, 551 F.2d 1093, 1096 (7th Cir. 1977) *cert. den.* 434 U.S. 835, 98 S.Ct. 123, 47 L.Ed.2d 83 (1977). Section 1341 also divests the court of jurisdiction over civil rights actions challenging the constitutionality of state tax statutes. *See Czajkowski v. State of Ill.*, 460 F.Supp. 1265, 1272 (N.D. Ill.1977) *aff'd* 588 F.2d 839 (7th Cir. 1978). This case, therefore, will turn on the determination of the state court remedies. In order to establish jurisdiction in the federal court, Plaintiff must show by a preponderance of the evidence it does not have an adequate remedy in South Carolina's courts. Defendants argue the South Carolina Declaratory Judgments Act provides an adequate remedy which, if available, would meet the requirements of Section 1341. *City of Houston v. Standard Triumph Motor Co.*, 347 F.2d 194, 199 (5th Cir. 1965) *cert. den.* 382 U.S. 974, 86 S.Ct. 539, 15 L.Ed.2d 466 (1966).

■ Plaintiff takes the position the broad language of South Carolina Code Section 12–21–2840 bars a South Carolina court from taking any action which interferes with the operation of the challenged statute. However, the Declaratory Judgments Act has been held to be a proper method to attack the validity of state tax statutes. *See Lindsay v. National Old Life Ins. Co.*, 262 S.C. 621, 207 S.E.2d 75 (1974); *Lindsay v. Southern Farm Bureau Casualty Ins. Co.*, 258 S.C. 272, 188 S.E.2d 374 (1972); *Melody Music Co. v. McLeod*, 248 S.C. 545, 151 S.E.2d 749 (1966). Also, South Carolina's Declaratory Judgments Act is not the only state remedy available to Plaintiff. The state court has held that injunctive relief under equity jurisdiction is available in a tax controversy when there is no adequate legal remedy. *Textile Hall Corp. v. Riddle*, 207 S.C. 291, 35 S.E.2d 701 (1945); *Ware Shoals Mfg. Co. v. Jones*, 78 S.C. 211, 58 S.E. 811 (1907). Thus, Plaintiff has at least

two possible methods of attacking the tax on "X" rated and non-rated movies. As a result, it must fail in its attempt to establish that this Court has subject matter jurisdiction.

The Congress has manifested an intent in these types of cases to permit state courts to first address the issue. *See* 28 U.S.C. § 1341; *East Jackson Enterprises*, 551 F.2d at 1096. This Court recognizes that while it must be ever ready to vindicate and protect federal rights, it must do so in a way that conforms with the intent of Congress and does not unduly interfere with the activities of each state and with state courts. This concept also embodies the principle that if a state or its court will not or does not enforce the Constitution and extend its protection to all citizens, then it is the responsibility of the federal court to unhesitatingly take the necessary corrective action.

### CONCLUSIONS OF LAW

Plaintiff has an adequate state remedy under the applicable state law. Accordingly, this court lacks subject matter jurisdiction under Title 28, United States Code Section 1341. It is, therefore, ordered:

1. This case is dismissed without prejudice.

2. If Plaintiff exhausts its state remedies without success, it may file its complaint in this Court without cost and the case will be restored to its place on the docket. Every reasonable effort will then be made to expedite its disposition.

3. The South Carolina Attorney General and his representatives are directed to make every reasonable effort to expedite the disposition of the case in state court.

AND IT IS SO ORDERED.