805 F.2d 1036
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven H. REISS; Frances B. Reiss, Plaintiffs-Appellants,
v.
INTERNAL REVENUE SERVICE; Patrick J. Ruttle, Defendants-Appellees.
 No. 85-3677.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1986.
 
 Before MERRITT, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The appellants are appealing the July 18, 1985, order of the district court granting the appellee's motion to dismiss in this taxpayers' suit and denying the appellants' motion for summary judgment as moot. Both sides have filed briefs.
 
 
 2
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The pro se appellants, Steven H. and Frances B. Reiss, filed this action on October 5, 1984, challenging the $500.00 penalty assessed by the Internal Revenue Service (IRS) against the appellants pursuant to 26 U.S.C. Sec. 6702 for filing a frivolous income tax return. The appellants brought suit against the IRS and Patrick J. Ruttle, Director of the IRS Cincinnati Service Center. 26 U.S.C. Sec. 6703(c)(2) permits taxpayers who have paid fifteen (15) percent of the penalty to bring suit in district court for a determination of their liability for a penalty.
 
 
 4
 The IRS informed the appellants in a notice dated April 26, 1984, that their tax return was not acceptable because it did not contain information required by law. Two blank income tax forms were provided. The appellants responded in a letter dated May 5, 1984, asking why their 1983 filing was unacceptable. Pursuant to 26 U.S.C. Sec. 6702 the IRS assessed a penalty of $500.00 on May 21, 1984, for filing a frivolous income tax return. The appellants paid $75.00 or fifteen (15) percent of the penalty and filed a claim for a refund of $75.00 on June 18, 1984. On August 30, 1984, the IRS denied the claim. The August 30, 1984, notice informed the appellants that they had 30 days in which to bring suit in federal district court. The appellants did not file this action until October 5, 1984, six days after the 30-day period. The district court, therefore, dismissed the complaint against the IRS for lack of jurisdiction pursuant to 26 U.S.C. Sec. 6703(c)(2).
 
 
 5
 The complaint against Patrick J. Ruttle was also dismissed. 26 U.S.C. Sec. 7422(f)(1) provides that a suit for refund of any penalty may be maintained against the United States and not against any officer or employee of the U.S.
 
 
 6
 The district court was without jurisdiction to hear this case because the taxpayers did not timely file for a refund of the penalty in the district court pursuant to 26 U.S.C. Sec. 6703(c). Thomas v. United States, 755 F.2d 728 (9th Cir.1985). We therefore affirm the decision of the district court. Ordinarily, there is no jurisdiction in the district court over suits for the refund of any penalty amount paid until the taxpayer has paid the full amount of the penalty. Flora v. United States, 357 U.S. 63 (1958), aff'd on rehearing, 362 U.S. 145 (1960). 26 U.S.C. Sec. 6703(c)(2) provides an exception to the above-stated rule. A taxpayer must bring suit in district court within 30 days after the day on which his claim for refund of any partial penalty payment is denied.
 
 
 7
 The taxpayers argue that the district court must hear any controversies to which the U.S. is a party, citing the U.S. Constitution, art. III, Sec. 2. However, Article III of the Constitution merely defines the limits of judicial power of the U.S. courts. Sheldon v. Sill, 49 U.S. (8 How.) 440 (1850). The district courts were created by statute and have no jurisdiction save that which is conferred by statute. Id. at 448.
 
 
 8
 The taxpayers also allege that TEFRA, the Tax Equity and Fiscal Responsibility Act of 1982, 26 U.S.C. Secs. 1 et seq, is not law and that their due process rights have been violated. This argument has previously been rejected by this Court. Heitman v. United States, 753 F.2d 33, 35 (6th Cir.1984); Brennan v. Commissioner, 752 F.2d 187, 189 (6th Cir.1984).
 
 
 9
 Accordingly, it is ORDERED that the district court's judgment be and it hereby is affirmed. Rule 9(d)(2), Rules of the Sixth Circuit.