Jacklyn Kay HEINEMAN

v.

Julie W. BRIGHT, et al.

Civ. No. K–95–1641.

United States District Court,
D. Maryland.

Nov. 30, 1995.

Paul M. Weiss, Margolis, Pritzker & Epstein, P.A., Towson, Maryland, for plaintiff.

Shale D. Stiller,. Mark Muedeking, Kurt J. Fischer, Martin E. Wolf, Piper & Marbury, Baltimore, Maryland, for defendants.

## *MEMORANDUM AND ORDER*

FRANK A. KAUFMAN, Senior District Judge.

(1) Reference is hereby made to defendants' August 16, 1995, motion for summary judgment and to all other filings and attachments in relation thereto.

(2) Plaintiff Jacklyn Kay Heineman filed the within action against defendants Julie W. Bright, et al., on June 5, 1995. In Count I of the complaint, plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2208 for the purpose of clarifying alleged rights to benefits under an employee pension benefit plan ("the plan"). In Count II, plaintiff alleges a breach of fiduciary duties pursuant to the Employment Retirement Income Security Act (ERISA) § 409, 29 U.S.C. § 1109. Defendants moved for summary judgment on August 16, 1995, on the grounds that the plan

is not an "employee benefit plan" as defined in Title I of ERISA and that therefore this Court lacks subject matter jurisdiction. For the following reasons, this Court agrees that it lacks subject matter jurisdiction and will dismiss plaintiff's claim without prejudice.[1]

(3) The following facts are undisputed: Plaintiff is the surviving spouse of G. Wendel Heineman ("Wendel .Heineman"), who died on July 11, 1992.[2] Six of the seven defendants are the duly qualified and serving personal representatives of Wendel Heineman's estate.[3] The seventh defendant, Doris Heineman, was Wendel Heineman's first wife and is the sole remaining trustee of the plan.[4]

On October 14, 1980, Wendel Heineman incorporated Heineman Company, Ltd. ("the Heineman Company"), a real estate consulting firm.[5] Wendel Heineman was the sole shareholder of the Heineman Company.[6] On or about October 18, 1982, the Heineman Company adopted the plan at issue here.[7] On October 11, 1989, the Maryland State Department of Assessments and Taxation declared the Heineman Company's charter forfeited.[8]

The only disputed question of fact is whether Wendel Heineman was the sole employee of the Heineman Company after the adoption of the plan. Plaintiff has attempted to show that an additional person, Susan Beer Macys (formerly known as Susan Beer Menzies), was employed by the Heineman Company on or after October 18, 1982, and plaintiff has submitted certain documents purporting to show that Ms. Macys was so employed. The documents include an affidavit in which Ms. Macys states that she was "employed by the Heineman Company, Ltd. as executive assistant to G. Wendel Heineman on or about July 20, 1981 and subsequently completed more than six (6) months of employment." She further states that she "continued to work for G. Wendel Heineman as executive assistant until in or about 1987." Ms. Macys' affidavit, however, does not state that she was an employee *of the Heineman Company* on or after October 18, 1982, rather than simply an employee of Mr. Heineman as an individual. Plaintiff attempts to infer through certain documents that Ms. Macys was employed by the Heineman Company at that time. The documents include a handwritten note, purportedly written by Wendel Heineman and dated October 27, 1982, in which the writer apparently requests that "Susan" mail certain documents. Plaintiff has also submitted three letters, all dated December 27, 1982 and bearing the "Heineman Company, Ltd." letterhead, in which the letters "sm" appear in the space customarily reserved for the initials of the person who prepared the letter. Finally, plaintiff includes a letter, dated May 28, 1982, and addressed to Wendel Heineman, which plaintiff contends suggests that the company remained in existence beyond October 27, 1982. Plaintiff, after being given full opportunity by this Court so to do, has submitted no income tax, Social Security, Maryland unemployment filings or any other documents indi-

---

1. A number of courts and commentators have noted that, technically, a motion for summary judgment is not an appropriate means to challenge a court's subject matter jurisdiction. *See* 5A C. Wright & A. Miller, *Federal Practice and Procedure*, § 1350 at 206–09 and cases collected at n. 22 (2d ed. 1990 & Cum.Supp.1995). Nonetheless, under Federal Civil Rule 12(h)(3), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject mater, the court shall dismiss the action." Accordingly, in cases in which a party moves for summary judgment on the grounds of lack of subject matter jurisdiction, a number of courts have treated the motion as a "suggestion" that the court lacks subject matter jurisdiction. *Baker v. Siemens Energy & Automation, Inc.*, 838 F.Supp. 1227, 1229 & n. 1 (S.D.Ohio 1993); *Walls v. United States*, 651 F.Supp. 1049, 1050 (S.D.Ind.1987); *see also* 5A Wright & Miller,

§ 1350 at 209 and cases collected at n. 23. This Court will so do herein.

2. *See* Complaint at ¶ 3.

3. *See* Complaint at ¶ 4.

4. *See* Complaint at ¶ 5.

5. *See* Affidavit of Melvin Handwerger at ¶ 4.

6. *See* Complaint at ¶ 9; Affidavit of Alan N. Kanter at ¶ 4–6; Handwerger Affidavit at ¶ 5.

7. *See* Complaint at ¶ 9.

8. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment at 5.

cating that plaintiff was ever an employee of the Heineman Company.

Defendants, in contrast, have submitted a number of documents which indicate that Wendel Heineman was the only employee of the Heineman Company in the plan year ending October 31, 1982. Those documents include a completed copy of Internal Revenue Form 5300 (Application for Determination for Defined Benefit Plan). Line 15(a) of that document, which is signed by Wendel Heineman, indicates that on October 18, 1982 the "Total employed" by the Heineman Company was "1." Defendants also have submitted a completed copy of Internal Revenue Form 5302 (Employee Census), in which Wendel Heineman is listed as the only employee for the Heineman Company for the 12–month period ending October 31, 1982 (projected). Defendants also have submitted a completed copy of Internal Revenue Form 5500–C (Return/Report of Employee Benefit Plan) for the Heineman Company's plan year ending October 31, 1982. Line 7 of that form indicates that the "Total participants" was "1" at both the beginning and the end of the plan year. Defendants also have submitted a "Census Questionnaire" which Alan Kanter, who designed and serviced the plan at issue, states that he received from Wendel Heineman. That questionnaire indicates that for the plan year ending October 31, 1982, Wendel Heineman was the only employee participating in the plan. Finally, defendants have submitted two affidavits from Mr. Kanter, in one of which he states that "[a]t all times when the Plan was in existence, the only participant was G. Wendel Heineman."[9]

■ (4) The burden of proof as to questions of subject matter jurisdiction is on the party asserting jurisdiction. *In re Joint Eastern & Southern Dist. Asbestos Litigation*, 14 F.3d 726, 730 (2d Cir.1993). The party invoking subject matter jurisdiction has the burden of proving by a preponderance of the evidence the facts supporting jurisdiction. *Eastern Federal Corp. v. Wasson*, 525 F.Supp. 241, 243 (D.S.C.1981); *Gemini Enterprises, Inc. v. WFMY Television Corp.*, 470 F.Supp. 559 (M.D.N.C.1979); *see also* James W. Moore, et al., *Moore's*

Federal Practice, ¶ 0.71[5.–2] at 738 (2d ed. 1985).

(5) Plaintiff contends that subject matter jurisdiction exists in this Court pursuant to ERISA § 502(a), 29 U.S.C. § 1132, which confers jurisdiction on federal district courts over certain suits to enforce Title I of ERISA. Title I of ERISA applies to "any employee benefit plan" that meets certain conditions. ERISA § 4(A), 29 U.S.C. § 1003. The regulations clarify that, for Title I purposes, the phrase "employee benefit plan" does not include any plan, fund or program under which no "employees" are participants. 29 C.F.R. § 2510.3–3(b). The regulations then state:

> For the purposes of this section:
>
> (1) An individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual and his or her spouse, and
>
> (2) A partner in a partnership and his or her spouse shall not be deemed to be employees with respect to the partnership.

29 C.F.R. § 2510.3–3(c).

■ (6) The plan at issue here does not meet the statutory and regulatory requirements to be an "employee benefit plan" for the purposes of Title I because no "employees" were participants in the plan. Wendel Heineman was an employee of the company, but he also was the sole stockholder. Under 29 C.F.R. § 2510.3–3(c), therefore, he cannot be deemed an "employee" for the purpose of creating an "employee benefit plan" under Title I. The key case on which plaintiff relies, *Madonia v. Blue Cross & Blue Shield of Virginia*, 11 F.3d 444 (4th Cir.1993), *cert. denied*, — U.S. —, 114 S.Ct. 1401, 128 L.Ed.2d 74 (1994), does not dictate a different outcome. In *Madonia*, Judge Wilkinson noted that, although 29 C.F.R. § 2510.3–3 does not modify the statutory definition of "employee" for all purposes, it clarifies when a plan is covered by ERISA. *Id.* at 449. Thus, although Wendel Heineman perhaps could be considered an "employee" for other

---

9. Kanter affidavit at ¶ 6.

aspects of ERISA "once the existence of the plan has been established," *id.* at 450, he cannot be an "employee" for the purpose of establishing the plan as an "employee benefit plan." [10]

 As for plaintiff's allegations regarding Ms. Macys, this Court has reviewed the documents submitted by both sides and concludes that plaintiff has failed, in the summary judgment context of this case, sufficiently to establish that Ms. Macys was an employee of the Heineman Company at the relevant times. Defendants have presented a number of tax forms and other corporate documents which indicate that the Heineman Company employed only one employee— Wendel Heineman—on and after October 18, 1982. Plaintiff has not adequately rebutted this evidence, despite being given full opportunity so to do. This Court therefore concludes Mr. Heineman was the sole employee of the Heineman Company and sole participant in the plan on and after October 18, 1982.

 (7) Plaintiff also contends that defendants are estopped from claiming that the plan is not subject to ERISA. Federal subject-matter jurisdiction, however, cannot be created by estoppel. *See American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 17, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951) (superseded by statute on other grounds); *Brady Dev. Co. v. Resolution Trust Corp.,* 14 F.3d 998, 1007 (4th Cir.1994). "The general rule is that … the parties cannot waive lack of jurisdiction by express consent, or by conduct, or even by estoppel …" 13A C. Wright & A. Miller, *Federal Practice and Procedure,* § 3522 at

66–67 & cases collected at n. 8 (2d ed. 1990 & Cum.Supp.1995).

(8) For the foregoing reasons, this Court hereby dismisses, without prejudice, the within case for lack of subject matter jurisdiction. Accordingly, judgment with respect thereto will be entered in a separate Order of even date herewith.

---

10. In *Madonia,* the Virginia corporation involved had four full-time employees plus Dr. Madonia, who served as its director, president and sole shareholder. *Id.* at 445, 450. Dr. Madonia's suit against an insurer in Virginia state court for denial of coverage concerning a claim relating to illnesses of his wife was removed by the insurer to federal district court on the grounds of ERISA preemption. Judge Wilkinson, writing for the Fourth Circuit, approved the district court's preemption determination because an "employee benefit plan" existed and Dr. Madonia was a participant.

Plaintiff further contends that, after state authorities revoked the Heineman Company's charter on Oct. 11, 1989, Wendel Heineman was no longer the company's sole stockholder and that therefore 29 C.F.R. § 2510.3–3(c) would not prevent him from being considered an "employee." But after the said revocation, the stockholder(s) succeeded the corporation and took the latter's place. *See* Md. Corporations and Associations Code Ann. § 3–419 (1993). In this instance, the Heineman corporation never brought a qualified ERISA plan into existence; accordingly, Wendel Heineman, as the stockholder in liquidation, could not confer a qualified ERISA status on the plan when he became such a stockholder.